MICHAEL S. HUDSON, msh@kullmanlaw.com
Attorney for Defendant, *Admitted Pro Hac Vice*
**The Kullman Firm, P.L.C.**
200 6th Street North, Suite 704
Columbus, MS 39701
Telephone: (662) 244-8824
Fax: (662) 244-8837

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALVARO REHBEIN<br><br>Plaintiff,<br><br>versus<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION<br><br>Defendant. | ATTORNEYS' PLANNING MEETING REPORT<br><br>Case No. 2:09-cv-998<br><br>Honorable David Nuffer |

**1. PRELIMINARY MATTERS:**

    a. The nature of the claims and affirmative defenses is:

The Plaintiff, Alavaro Rehbein ("Rehbein"), a former employee of the Defendant Schlumberger Technology Corporation ("Schlumberger") asserts claims under Title VII for religious discrimination and harassment, national origin discrimination and harassment, sexual harassment, and retaliation, in connection with his employment at Schlumberger.

The Defendant, Schlumberger Technology Corporation ("Schlumberger"), denies that Rehbein is entitled to any relief. Among its defenses, Schlumberger asserts that Rehbein failed to exhaust his administrative remedies and was not subjected to an adverse employment action.

    b. This case is   \_\_\_\_\_not referred to a Magistrate Judge

                     \_\_\_\_\_ referred to Magistrate Judge _____

                          \_\_\_\_\_under 636(b)(1)(A) or

                          \_\_\_\_\_under 636(b)(1)(B)

                     _X_ assigned to a Magistrate Judge under General Order 07-001 and

        __X__ all parties consent to the assignment for all proceedings or

        ____ one or more parties request reassignment to a district judge.

  c. Pursuant to Fed. R.Civ.P. 26(f), a meeting was held on **December 29, 2009** by telephone. The following were in attendance:

    **Sonny Olsen**, counsel for the Plaintiff; and

    **Michael Hudson**, counsel for the Defendant.

  d. The parties ____ request / __X__ do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order. An initial pretrial scheduling conference is presently set before Magistrate Judge **David Nuffer** on **February 17, 2010, at 11:30 a.m.**

  e. The parties ____ have exchanged or __X__ will exchange by **2/15/2010** the initial disclosures required by Rule 26(a)(1).

  f. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed.R.Civ.P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

2. **DISCOVERY PLAN:** The parties jointly propose to the court the following discovery plan: *Use separate paragraphs or subparagraphs as necessary if the parties disagree.*

  a. Discovery is necessary on the following subjects: **Liability, damages, and defenses.**

  b. Discovery Phases:
   **All fact discovery will be completed no later than August 31, 2010.**
   **Any expert discovery to be completed no later than August 31, 2010.**

  c. Designate the discovery methods to be used and the limitations to be imposed.

(1) *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

Oral Exam Depositions

    Plaintiff __10__

    Defendant __10__

    Maximum no. hrs. per deposition __7__

(2) *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

Interrogatories __30__

Admissions __30__

Requests for production of documents __30__

(3) Other discovery methods.

**a) Records subpoenas, as necessary, to obtain documents from non-parties.**

**b) Telephonic depositions may be utilized for some deponents, if agreed upon by all parties.**

d. Discovery of electronically stored information should be handled as follows: **Electronically stored information may be presented in digital form or, where practicable, in printed form.**

e. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: **Reasonable Protective Order(s) will be agreed to by the parties, as necessary, and will be submitted to the Court for approval.**

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**

   a. The cutoff dates for filing a motion to amend pleadings are:

   Plaintiff: **3/31/10**   Defendant: **3/31/10**

    b.    The cutoff dates for filing a motion to join additional parties are:

    Plaintiff: **3/31/10**    Defendant: **3/31/10**

*(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a)).*

### 4. EXPERT REPORTS

    a.    Reports from experts, if any, under Rule 26(a)(2) will be submitted on:

    Plaintiff: **6/30/10**

    Defendant: **7/30/10**

    Counter reports: **8/16/10**

### 5. OTHER DEADLINES

    a.    Discovery cutoff:   Fact **8/31/10**   Expert **8/31/10**

    b.    Final date for supplementation of disclosures under Rule 26 (a)(3) and of discovery under Rule 26 (e): **30 days before trial (but if any relevant information or document is known during the discovery period, then it must be disclosed during the discovery period).**

    c.    Deadline for filing dispositive or potentially dispositive motions and Daubert motions is **10/1/10**

### 6. ADR/SETTLEMENT:

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

    a.    The potential for resolution before trial is: ____ good   **X** fair   ____ poor

    b.    This case should be referred to the court's alternative dispute resolution program for arbitration: ____   mediation: ____

    c.    The case should be re-evaluated for settlement/ADR resolution on: **8/31/10**

7. **TRIAL AND PREPARATION FOR TRIAL:**

   a. The parties should have _____ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule).

   b. This case should be ready for trial by: **2/1/11**

   Specify type of trial: Jury **X**   Bench _____

   c. The estimated length of the trial is: **3 days**

   _____    Date: 1/12/2010
   Signature and typed name of Plaintiff(s) Attorney

   _____    Date: 1/14/2010
   Signature and typed name of Defendant(s) Attorney

---

## NOTICE TO COUNSEL

The Report of the Attorney Planning Meeting should be completed and filed with the Clerk of the Court thirty days before the date of the Initial Pretrial Conference. A copy of the Proposed Scheduling Order on the court's official form should be submitted in word processing format by email to ipt@utd.uscourts.gov. If counsel meet, confer, and
   (i) file a stipulated Attorney Planning Meeting Report and
   (ii) email a draft scheduling order in word processing format by email to ipt@utd.uscourts.gov
30 days before the scheduled hearing, the Court will consider entering the Scheduling Order based on the filed Attorney Planning Meeting Report.

If the Hearing is held, counsel should bring a copy of the Attorney Planning Meeting Report to the Hearing.

In CM/ECF, this document should be docketed as Other Documents - Attorney Planning Meeting.

More information is available at

http://www.utd.uscourts.gov/documents/ipt.html